UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

JEROME D. III,

Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

Defendant.

**DECISION AND ORDER**

6:25-CV-06077 CDH

## INTRODUCTION

Plaintiff Jerome D. III ("Plaintiff") seeks review of the final decision of the Commissioner of Social Security ("the Commissioner" or "Defendant") denying his application for supplemental security income ("SSI"), pursuant to Title XVI of the Social Security Act (the "Act"). (Dkt. 1). Under Rules 5 through 8 of the Supplemental Rules for Social Security Actions Under 42 U.S.C. § 405(g) and Local Rule of Civil Procedure 5.5(d), the matter has been presented for decision by the parties' filing of motions for judgment on the pleadings. (*See* Dkt. 9; Dkt. 11; Dkt. 12). For the reasons that follow, the Court denies Plaintiff's motion and grants the Commissioner's motion.

## BACKGROUND

On March 31, 2022, Plaintiff protectively filed an application for SSI. (Dkt. 5 at 21, 85).[1] His application was initially denied on October 5, 2022, and on

[1] In referencing the administrative transcript, the Court has referred to the page numbers generated by CM/ECF and found in the upper right corner of the documents.

reconsideration on April 13, 2023. (*Id.* at 21, 64-97, 107-109). Plaintiff requested a hearing before an administrative law judge ("ALJ") (*id.* at 114), which was held on April 10, 2024 (*id.* at 37-63). On April 30, 2024, the ALJ issued an unfavorable decision. (*Id.* at 18-36). Plaintiff sought review from the Appeals Council, which denied his request on December 30, 2024. (*Id.* at 5-9). This action followed. (Dkt. 1).

## LEGAL STANDARD

### I. Administrative Determination of Disability

The Social Security Administration's ("SSA") regulations establish a five-step, sequential evaluation that an ALJ follows in determining whether a claimant is disabled within the meaning of the Act. *See Sczepanski v. Saul*, 946 F.3d 152, 156 (2d Cir. 2020); 20 C.F.R. § 416.920(a). At step one, the ALJ determines whether the claimant is currently engaged in substantial gainful work activity. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not, the ALJ continues to step two and determines whether the claimant has an impairment, or combination of impairments, that is "severe" within the meaning of the Act. *Id.* § 416.920(a)(4)(ii). An impairment is "severe" within the meaning of the Act if it significantly limits the claimant's physical or mental ability to do basic work activities. *Id.* § 416.920(c).

If the claimant has at least one severe impairment, the ALJ proceeds to step three. There, the ALJ determines whether the claimant's impairment or impairments meet or medically equal the criteria of the impairments listed in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings"). *Id.* § 416.920(a)(4)(iii). If the claimant does not have an impairment that both meets or medically equals a Listing and satisfies the Act's durational requirement, *see id.* § 416.909, the ALJ must determine

the claimant's residual functional capacity ("RFC"), *id.* § 416.920(e). "The Social Security regulations define residual functional capacity as the most the claimant can still do in a work setting despite the limitations imposed by his impairments." *Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013); *see* 20 C.F.R. § 416.945.

At step four, the ALJ determines whether, in light of the RFC assessment, the claimant is capable of performing any past relevant work. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant is unable to perform any past relevant work, the ALJ proceeds to the fifth and last step. At this step, the burden shifts to the Commissioner to demonstrate that, taking into account the claimant's age, education, work experience, and RFC, the claimant is capable of performing substantial gainful work that exists in the national economy. *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999); *see* 20 C.F.R. § 416.920(a)(4)(v).

## II. Review by the Court

The Court has jurisdiction under 42 U.S.C. § 405(g) to review the Commissioner's final decision denying an application for disability benefits. It is not the Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (quotation omitted). Instead, in performing its review, the Court is "limited to determining whether the [Commissioner's] conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Selian*, 708 F.3d at 417 (quotation omitted). If the Commissioner's findings of fact are supported by substantial evidence, they are "conclusive." 42 U.S.C. § 405(g). In other words, "[i]f there is substantial evidence to support the determination, it must be upheld." *Selian*, 708 F.3d at 417.

"Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (quotation omitted). However, "[t]he deferential standard of review for substantial evidence does not apply to the Commissioner's conclusions of law." *Byam v. Barnhart*, 336 F.3d 172, 179 (2d Cir. 2003).

## DISCUSSION

### I. The ALJ's Decision

The ALJ applied the five-step, sequential evaluation described above in determining whether Plaintiff was disabled. The ALJ found at step one that Plaintiff had engaged in substantial gainful activity from January 2023 to the date of the ALJ's decision. (Dkt. 5 at 23). The ALJ noted that Plaintiff had requested a closed period of disability ending in January 2023 at the hearing. (*Id.*). The ALJ stated that, for the reasons set forth in the remaining steps of the analysis, he concluded that Plaintiff was "not disabled since the alleged onset date of disability," including "during a closed period of disability as requested." (*Id.*). The ALJ noted that his analysis "also constitute[d] an alternative basis for finding [Plaintiff] not disabled since he began substantial gainful activity in January 2023." (*Id.*).

The ALJ found at step two that Plaintiff had the following severe impairments: "anxiety, depressive disorder; post-traumatic stress disorder (PTSD); asthma; seizure disorder; arthritis in bilateral wrists; lumbar impairment; [and] right ankle impairment[.]" (*Id.* at 24). The ALJ also concluded that Plaintiff had the non-severe impairment of substance abuse disorder. (*Id.*).

The ALJ found at step three that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any of the Listings. (*Id*. at 24-26). The ALJ particularly considered the criteria of Listings 1.15, 1.18, 3.03, 11.02, 12.04, 12.06, and 12.15. (*Id*.).

The ALJ assessed Plaintiff's RFC and determined that Plaintiff retained the ability to perform light work as defined in 20 CFR 416.967(b), with the additional limitations that:

> [Plaintiff] can frequently handle and finger; occasionally balance; must avoid unprotected heights and machinery; have only occasional exposure to respiratory irritants such as dust odors fumes extremes in temperature and humidity; is limited to simple routine tasks; and can only have occasional contact with supervisors, co-workers, and the general public.

(*Id*. at 26). The ALJ then proceeded to step four and found that Plaintiff had no past relevant work. (*Id*. at 30).

The ALJ found at step five that—considering Plaintiff's age, education, work experience, and RFC—there were jobs that exist in significant numbers in the national economy that Plaintiff could perform. (*Id*. at 30-31). The ALJ ultimately concluded that Plaintiff was not disabled, as defined in the Act, from March 31, 2022, through the date of the ALJ's decision. (*Id*. at 31-32).

## II. The Commissioner's Final Determination is Supported by Substantial Evidence and Does Not Contain a Reversible Legal Error

Plaintiff argues that the ALJ "erred in his evaluation of the opinion evidence because he improperly relied on evidence outside of the relevant period to reject more

limiting portions of the opinions." (Dkt. 9-1 at 1).[2] The Court is unpersuaded by this argument, for the reasons set forth below.

In adjudicating a disability application, an ALJ must consider and weigh the evidence of record, including medical opinions. *See Matta v. Astrue*, 508 F. App'x 53, 56 (2d Cir. 2013). The Commissioner's regulations set forth the following factors that the ALJ considers when assessing the persuasiveness of a medical opinion: (1) supportability, meaning that, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) . . ., the more persuasive the medical opinions . . . will be"; (2) consistency, meaning that, "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be"; (3) relationship with the claimant, including the length of the treatment relationship, frequency of examinations, purpose of the treatment relationship, extent of the treatment relationship, and whether the relationship included a physical examination; (4) specialization, meaning that the opinion of a specialist "may be more persuasive about medical

---

[2] Plaintiff's argument depends on his contention that the ALJ should have only considered evidence relevant to the closed period of disability ending in January 2023. (*See* Dkt. 9-1 at 12; Dkt. 12 at 1-2). Defendant argues that the ALJ "explicitly stated he was considering the entire period" from the date of application to the date of the ALJ's decision, and so he was entitled to consider all the evidence of record. (Dkt. 11-1 at 2; *see also id*. at 7 ("The ALJ explicitly stated that he was making a disability finding from the application date of March 31, 2022 through the date of the decision (the post-January 2023 portion being an alternative finding to finding non-disability based on substantial gainful activity)[.]"). The Court need not resolve this dispute because, even assuming that the only relevant inquiry was into Plaintiff's functioning during the closed period, the ALJ's determination was supported by substantial evidence.

issues related to his or her area of specialty" than the opinion of a non-specialist; and (5) "other factors that tend to support or contradict a medical opinion," which includes but is not limited to "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA] disability program's policies and evidentiary requirements." 20 C.F.R. § 404.1520c(c). Supportability and consistency are the most important factors and must be discussed in the ALJ's decision. *Id.* § 404.1520c(b)(2). The ALJ may, but is not required to, explain how he or she considered the other factors. *Id.*

Plaintiff argues that the ALJ in this case "impermissibly relied on evidence outside of the relevant period that did not shed light on Plaintiff's condition during the relevant period to discount the opinions of" consultative psychologist Dr. Stephen Farmer, state agency medical consultant Dr. O. Fassler, and consultative examiner Dr. Harbinder Toor. (Dkt. 9-1 at 13). Turning first to Dr. Farmer, he examined Plaintiff in September 2022 and opined that Plaintiff had no or mild limitations in most areas of mental functioning, but a moderate to marked limitation sustaining concentration and performing a task at a consistent pace. (Dkt. 5 at 405-408). The ALJ did not find Dr. Farmer's opinion fully persuasive, noting that it was inconsistent with Dr. Toor's opinion, as well as "the medical evidence of record, including the claimant's therapy notes that show that the claimant has adequate memory, has been described as friendly, polite, and cooperative and recent mental status examinations from his counselor note that the claimant's attention and concentration were intact, and the claimant was found to have fair insight and good judgement[.]" (*Id.* at 29).

Plaintiff contends that the ALJ improperly relied on treatment notes from

outside the relevant time period in analyzing Dr. Farmer's opinion. (Dkt. 9-1 at 14-15). But the ALJ cited to Exhibit 6F, which contains treatment notes from January 2022, June 2022, August 2022, September 2022, and January 2023. (Dkt. 5 at 29, 503-77). The ALJ also cited to page 15 of Exhibit 1F, which contains a treatment note from May 2022. (*Id*. at 322). It is accordingly factually inaccurate to state that the ALJ did not consider records from within the closed period of disability.

Further—and contrary to Plaintiff's argument that the ALJ "cherry-picked" evidence (*see* Dkt. 9-1 at 15)—the treatment notes from during and after the closed period of disability present a consistent picture as to Plaintiff's ability to maintain concentration and perform tasks at a consistent pace. For example, in September 2022, Plaintiff's treatment provider observed that his attention and concentration were intact, his memory was adequate, his thought processes and thought content were normal, and he was fully oriented as to time, person, place, and situation. (Dkt. 5 at 521). An assessment performed in January 2022 showed that Plaintiff's attention was within normal limits and he was not distractible. (*Id*. at 561). No memory issues were observed. (*Id*. at 562). These findings are consistent with the treatment notes from after the period of closed disability. (*See, e.g., id*. at 602 (treatment note from November 2023 reflecting intact attention and concentration and adequate memory). The Court finds no error in the ALJ's assessment of Dr. Farmer's opinion.

As to Dr. Fassler, he reviewed the record in October 2022 and concluded that Plaintiff "retain[ed] the mental capacity to perform the basic demands of unskilled work in a setting involving brief and superficial contact with supervisors, coworkers, and [the] public." (*Id*. at 71). The ALJ found this opinion "unpersuasive, unsupported,

and [inconsistent] with the medical evidence in the record," explaining that it was inconsistent with "the most recent therapy notes which show a generally normal mental status examination where [Plaintiff's] memory is intact and [Plaintiff] has fair insight with good judgement." (*Id.* at 29-30). Plaintiff argues that the ALJ "employed his improper reliance on evidence outside of the relevant period to discount or reject the opinions of Dr. Fassler[.]" (Dkt. 9-1 at 16).

It is true that the ALJ only specifically cited to treatment records post-dating January 2023 in discussing Dr. Fassler's opinion. However, Plaintiff concedes that "[w]hen assessing a claim, records from outside of the relevant period may be relevant, but only so long as they shed light on the claimant's condition during the relevant period." (Dkt. 9-1 at 12 (citing *Clark v. Saul*, 444 F. Supp. 3d 607, 621 (S.D.N.Y. 2020))). In this case, as discussed above, the treatment notes from within the closed period and outside the closed period do not meaningfully diverge, and so the ALJ did not commit reversible error in citing particularly to the most recent treatment notes.

Finally, as to Dr. Toor, he opined in September 2022 that Plaintiff had moderate limitations for standing, walking, squatting, lifting, and carrying, difficulty balancing "sometimes," mild to moderate limitations doing fine motor activities with the hands, should avoid irritants or other factors that can precipitate asthma, and "should be careful about heights and machinery." (Dkt. 5 at 402). The ALJ found this opinion "generally persuasive," but noted that not "all of the limitations listed" were "fully supported by the exam findings." (*Id.* at 29). He further found the opinion inconsistent with the other medical evidence of record, including "[Plaintiff's]

activities which include employment in a maintenance position." (*Id.*).

The Court does not find that the ALJ erred in considering evidence of Plaintiff's employment in assessing Dr. Toor's opinion. Dr. Toor examined Plaintiff only three months before Plaintiff obtained his employment. There is no indication in the record that Plaintiff's physical condition meaningfully changed in that interval. Evidence of Plaintiff's ability to work in January 2023 is accordingly relevant to Plaintiff's RFC in September 2022.

In any event, Dr. Toor's opinion is consistent with the ALJ's RFC finding. *See, e.g., Jennifer S. v. Comm'r of Soc. Sec.*, 771 F. Supp. 3d 256, 267 (W.D.N.Y. 2025) ("The assessment of mild-to-moderate limitations is generally consistent with an RFC for light work."); *Tomaszewski v. Berryhill*, No. 18-CV-728-HKS, 2019 WL 5853404, at *3 (W.D.N.Y. Nov. 8, 2019) ("a moderate limitation is not inconsistent with a finding that an individual can engage in frequent, but not constant activity" (quotation omitted)). Thus, even if the ALJ erred in some fashion in assessing Dr. Toor's opinion, such error was harmless. *See Hamilton v. Astrue*, No. 12-CV-6291P, 2013 WL 5474210, at *16 (W.D.N.Y. Sept. 30, 2013) ("[T]he functional assessment completed by Elmira Orthopedics is consistent with sedentary work and supports [the] RFC determination; any error is thus harmless."). For all these reasons, the Court finds no basis to disturb the Commissioner's decision as to Plaintiff's application.

## CONCLUSION

For the foregoing reasons, the Commissioner's motion for judgment on the pleadings (Dkt. 11) is granted, and Plaintiff's motion for judgment on the pleadings

(Dkt. 9) is denied. The Clerk of Court is directed to enter judgment and close this case.

SO ORDERED.

COLLEEN D. HOLLAND
United States Magistrate Judge

Dated: September 15, 2026
Rochester, New York